IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dean Alton Holcomb, #154215-0930, | ) | C/A No.: 1:16-672-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Lieutenant Jeff Kindley; Lieutenant | ) | |
| Duncan; South Carolina Law | ) | |
| Enforcement Division; and 2 Unknown | ) | |
| SLED Agents, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee incarcerated at Greenville County Detention Center ("GCDC"). He filed this action pursuant to 42 U.S.C. § 1983 against South Carolina Law Enforcement Division ("SLED"), SLED Lieutenant Jeff Kindley ("Kindley"), GCDC Lieutenant Duncan ("Duncan"), and two unknown SLED Agents (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process as to Duncan and SLED.[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

I.    Factual and Procedural Background

Plaintiff filed this complaint alleging an unlawful seizure of constitutionally-protected reading, religious, and legal materials. [ECF No. 1 at 2]. Plaintiff claims Duncan called him to the officer's desk on February 1, 2016. *Id.* at 3. Plaintiff states Kindley patted him down, escorted him to the multipurpose room, and told him to wait while his property and laundry bins were searched. *Id.* Plaintiff claims he was told that a search warrant was served on GCDC, but he was not allowed to see it. *Id.* Plaintiff alleges four men returned to the multipurpose room with his bin and bag. *Id.* Plaintiff states he was told to return to his bunk. *Id.* Plaintiff claims he was called back to the multipurpose room approximately 20 minutes later and all his legal papers, his personal and legal mail, and legal books were packaged into eight large envelopes approximately two feet tall. *Id.* Plaintiff also claims SLED seized law books, the holy scripture, a leather bound book containing phone numbers and addresses, a copy of the Kyballian (religious text), two journals, and a working screenplay and novel. *Id.* at 4. Plaintiff alleges Kindley was the investigating officer. *Id.* Plaintiff claims his items were seized one month before he was scheduled for trial and alleges he was not given a receipt for the seized property. *Id.* Plaintiff alleges this was an illegal search attempted by Kindley to further intimidate, censor, and retaliate against Plaintiff "for resisting and attempting to expose the corruption and blatant disregard for Plaintiff's constitutional and human rights." *Id.* Plaintiff seeks declaratory and injunctive relief and compensatory damages. *Id.*

II.    Discussion

A.    Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

3

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.     Analysis

          1.     Insufficient Factual Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint does not contain any factual allegations of specific wrongdoing attributable to Duncan. Accordingly, Duncan should be summarily dismissed from this action.

          2.     Eleventh Amendment

     The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).[2] Such immunity extends to

---

[2] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South

arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–102 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. SLED, as a state agency, has eleventh amendment immunity from suit under § 1983. *See* S.C. Code Ann. § 23-3-10 (establishing SLED as an agency of the state of South Carolina). The undersigned recommends SLED be summarily dismissed from this action.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process as to Duncan and SLED

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 25, 2016                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).