IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, #369696, ) | C/A No.: 1:16-672-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Lieutenant Jeff Kindley and 2 Unknown ) | |
| SLED Agents, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights during his incarceration at Greenville County Detention Center ("GCDC"). Plaintiff is currently incarcerated at Kirkland Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff sues South Carolina Law Enforcement Division ("SLED") officer Jeff Kindley ("Defendant") for an illegal search and seizure.[1]

This matter comes before the court on Defendant's motion to dismiss. [ECF No. 27]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 28]. The motion having been fully briefed [ECF No. 30], it is ripe for disposition.

---

[1] Plaintiff also names "2 Unknown SLED Agents" as defendants. The undersigned recommends "2 Unknown SLED Agents" be dismissed because Plaintiff has failed to identify or serve these individuals. Additionally, as explained further herein, the undersigned recommends Plaintiff's claims be dismissed on the merits.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the record in this case, the undersigned recommends the district judge grant Defendant's motion.

I.     Factual Background

Plaintiff claims on February 1, 2016, Defendant patted him down, escorted him to the multipurpose room, and told him to wait while his property and laundry bins were searched. [ECF No. 1 at 3]. Plaintiff claims he was told that a search warrant was served on GCDC, but he was not allowed to see it. *Id.* Plaintiff alleges four men returned to the multipurpose room with his bin and bag. *Id.* Plaintiff states he was told to return to his bunk. *Id.* Plaintiff claims he was called back to the multipurpose room approximately 20 minutes later and all his legal papers, his personal and legal mail, and legal books were packaged into eight large envelopes approximately two feet tall. *Id.* Plaintiff also claims SLED seized law books, the holy scripture, a leather bound book containing phone numbers and addresses, a copy of the Kyballian (religious text), two journals, and a working screenplay and novel. *Id.* at 3–4. Plaintiff alleges Defendant was the investigating officer. *Id.* at 4. Plaintiff claims his items were seized one month before he was scheduled for trial and alleges he was not given a receipt for the seized property. *Id.* Plaintiff alleges this was an illegal search attempted by Defendant to further intimidate, censor, and retaliate against Plaintiff "for resisting and attempting to expose the corruption and blatant disregard for Plaintiff's constitutional and human rights." *Id.* Plaintiff seeks declaratory and injunctive relief and compensatory damages. *Id.* at 5.

II.   Discussion

    A.   Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

3

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Defendant argues Plaintiff's action has the potential to interfere, and Plaintiff states his intention is to interfere, with Plaintiff's ongoing state criminal prosecution and therefore dismissal of Plaintiff's ongoing state criminal prosecution and therefore dismissal of Plaintiff's complaint is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). [ECF No. 27-1 at 2].

In *Younger*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the United States Supreme Court has established that abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432)).

In support of his motion to dismiss, Defendant filed an affidavit from Seventh Circuit Assistant Solicitor Russell Ghent dated July 28, 2016. [ECF No. 27-2 at 1]. In his affidavit, Mr. Ghent attested that the Seventh Circuit Solicitor's office was prosecuting

4

Plaintiff on state criminal charges.[2] Defendant argues Plaintiff was utilizing this action in an attempt to obtain information in his state criminal proceedings that he is not entitled to under state criminal discovery rules. *Id.* at 2. In his response, Plaintiff argues "Kindley's & Ghent's opposition to the Plaintiff's resistance to persecutions, inquisitions and their long winded, desecrative obstreperous acts to violate Plaintiff's God given human & civil rights should be taken into consideration by the court and ignored." [ECF No. 30 at 2].

Applying the *Younger* factors to this case, the court finds abstention is appropriate. The court finds the first part of the test is satisfied because at the time Plaintiff filed his complaint, Plaintiff was being prosecuted on state criminal charges and therefore an ongoing state criminal proceeding existed. The second part of the test is also met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). The court finds Plaintiff has opportunities to present his claims regarding the purported illegal search and seizure both during and after the disposition of his criminal charges. Accordingly, the *Younger*

---

[2] Plaintiff was convicted in Greenville County of breach of trust on September 8, 2016. https://www2.greenvillecounty.org/SCJD/PublicIndex/CaseDetails.aspx?County=23&CourtAgency=23001&Casenum=2015GS2304600A&CaseType=C&HKey=998610698108 66102977667788368668779771036555507676546911849691221118510981971116710464493750102117121119.

abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's equitable claims.

Even if *Younger* abstention did not apply, the undersigned finds that Plaintiff's claim is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).[3] Under *Heck*, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Plaintiff alleges Defendant's actions constituted an illegal search and seizure related to his criminal charges. [ECF No. 1 at 4]. Defendant was the investigating officer, and Plaintiff's success on his illegal search and seizure claim against Defendant may serve to challenge the validity of Plaintiff's state conviction. As Plaintiff fails to allege he has successfully challenged his state conviction, his claim for damages is barred by *Heck*. The undersigned recommends Defendant's motion to dismiss be granted.

---

[3] The *Heck* doctrine, which addresses when a civil claim has accrued, closely resembles a jurisdictional barrier as the court does not have subject matter jurisdiction over a claim that has not accrued. "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Therefore, the undersigned finds it appropriate to *sua sponte* address whether the *Heck* doctrine bars Plaintiff's claim.

6

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendant's motion to dismiss. [ECF No. 27]. The undersigned further recommends Plaintiff's motion to rule and compel discovery [ECF No. 33] be denied as moot.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 22, 2016                                             Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).